



# MEMORANDUM OPINION

No. 04-11-00563-CR

Victoria **VELEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR4631W
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Sandee Bryan Marion, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  August 8, 2012

DISMISSED

On August 3, 2011, the trial court signed a trial court certification stating the underlying case "is not a plea-bargain case, and the defendant has the right of appeal."[1]  The clerk's record contains a plea bargain agreement, however, pursuant to which the State agreed to concurrent sentences in the underlying case and two companion cases and to take other pending cases into consideration.  Therefore, the underlying case involved a charge-bargain which is a plea bargain

---

[1] The trial court signed certifications in two companion cases on August 5, 2011, stating that each of those cases "is a plea-bargain case, and the defendant has NO right of appeal."

for purposes of TEX. R. APP. P. 25.2. *See Shankle v. State*, 119 S.W.3d 808, 813-14 (Tex. Crim. App. 2003); *Moreno v. State*, Nos. 04-07-00839-CR, 04-07-00840-CR & 04-07-00841-CR, 2008 WL 2602123, at *1 (Tex. App.—San Antonio July 2, 2008, no pet.) (not designated for publication); *see generally* 43 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 40:62 (3d ed. 2011).

On June 14, 2012, this court issued an order, noting that the trial court's certification of defendant's right of appeal was defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). The trial court was ordered to amend the certification and cause the trial court clerk to file a supplemental clerk's record containing the amended certification. The supplemental clerk's record containing the amended certification was filed in this court on July 9, 2011, and the amended trial court's certification states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal."

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). On July 10, 2012, we ordered that this appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that the appellant has the right of appeal was made part of the appellate record by July 30, 2012. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No response was filed. In the absence of an amended trial court certification showing that the appellant has the right of appeal, rule 25.2(d) requires this court to dismiss this appeal. Accordingly, the appeal is dismissed.

PER CURIAM

DO NOT PUBLISH